

# NUMBER 13-25-00519-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RAYNALDO AGUIRRE, Appellant,

v.

THE STATE OF TEXAS, Appellee.

## ON APPEAL FROM THE 347TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and West
Memorandum Opinion by Justice Silva**

This cause is before the Court on appellant's counsel's motion to dismiss appeal and motion to withdraw. On August 21, 2025, appellant was adjudicated for the offense of kidnapping, a third-degree felony, in trial court cause number 22FC-4116H. *See* TEX. PENAL CODE ANN. § 20.03. On the same day, the trial court imposed upon appellant a three-year sentence. On October 20, 2025, appellant filed a notice of appeal. On October

21, 2025, the Clerk of the Court notified appellant that it appeared the appeal has not been timely perfected. Appellant was further notified that if the defect was not cured within ten days from the date of the notice, the appeal would be dismissed.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Unless a motion for new trial is timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial is filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, *within* fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3. Appellant's notice of appeal was filed sixty days after his sentence was imposed. Furthermore, appellant did not file a timely motion for extension of time to file the notice of appeal. Because appellant's notice of appeal was untimely filed, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210.

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Appellant may be entitled to an out-of-time appeal by

2

filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999). The appeal is hereby dismissed for want of jurisdiction.

Accordingly, we grant appellant's motion to dismiss appeal and motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review. See TEX. R. APP. P. 48.4.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
4th day of December, 2025.